UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-173 JGB (KKx)** | Date | May 16, 2023 |
|---|---|---|---|
| Title | *Maha Elregragui Moqaddem v. Upinder S. Kalra et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Minute Order ORDERING Plaintiff to Show Cause Why Sanctions Should Not Be Imposed Under Federal Rule of Civil Procedure 11 (IN CHAMBERS)**

On February 3, 2023, Plaintiff filed a complaint. ("Complaint," Dkt. No. 2.) On February 27, 2023, Plaintiff filed what the Court construes as a first amended complaint. ("FAC," Dkt. No. 14.) On April 17, 2023, Plaintiff moved for entry of default against Defendants George Gascon and Jenna Ann Franklin. ("Default Request," Dkt. No. 35.) The Clerk flagged the Default Request for deficiencies and forwarded it to the Court. ("Notice of Deficiency," Dkt. No. 38.) On April 20, 2023, the Court denied the Default Request. ("Default Request Order," Dkt. No. 43.) The Court stated,

> Though this case was only filed on February 3, 2023, there are already seven instances of Plaintiff's filings being flagged for deficiencies by the Clerk. Plaintiff has also filed multiple notices of errata. Though Plaintiff's Counsel appears to be a licensed attorney, the complaint is unsuitable for filing in federal court (or any court), as it is inexplicably written in various typefaces and font sizes, evinces utter disregard for rules of grammar and punctuation, and appears to violate multiple Local Rules. . . . All of this demonstrates a pattern of negligent and/or reckless filings by Plaintiff. The Court's review of the docket indicates that Defendants Franklin and Gascon may not have been served properly. As such, entry of default against them would be inappropriate. Plaintiff is **ORDERED** to re-serve Defendants

       Franklin and Gascon in compliance with the Federal Rules of Civil Procedure.

(Id.)

       On April 28, 2023, Defendants the Honorable Lauren Weis Birnstein, the Honorable Joseph J. Burghardt, the Honorable Upinder S. Kalra and the Honorable Kathryn Solorzano ("Judicial Defendants") filed a motion to dismiss the FAC. ("Motion," Dkt. No. 46.) Judicial Defendants raise six arguments why the FAC should be dismissed with prejudice: (1) this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine; (2) the FAC is barred by the Younger abstention doctrine; (3) the FAC is barred by absolute judicial immunity against the Judicial Defendants; (4) the FAC is barred by the Anti-Injunction Act; (5) the FAC is barred by the statute of limitations; and (6) the FAC fails to state a claim upon which relief can be granted. (See Motion at 2.) In sum, the Motion argues that the FAC is (1) an impermissible collateral attack on the conviction and sentence rendered against Plaintiff in the Superior Court of California, County of Los Angeles ("Case 1") and (2) an impermissible attempt to enjoin the prosecution of a current criminal case against Plaintiff filed in Superior Court ("Case 2"). (See id. at 1.)

       Since the filing of the Motion, Plaintiff's Counsel has continued to exhibit gross negligence in his filings. For instance, on April 28, 2023, Plaintiff filed a "Notice to the Court" regarding service of the FAC. ("Notice," Dkt. No. 47.) The cover page of the Notice spells Plaintiff's Counsel's own name wrong ("George E Murph, ESQ"). (See id.) The Notice begins, "Please Take Nottice [sic], that as per recent ruling of new Judge Assigned to this Case 'Jesus G Bernard,' Plaintiff is filing new summons and its First Amended Complaint . . . ." (Id.) On the second page of the Notice, Plaintiff's Counsel again misspells his own name and that of this Court. (See id.)

       The Court has read the FAC. It is an incomprehensible 87-page document, written in stream of consciousness prose that does violence to the English language and federal pleading standards. In many ways, it would be a subpar filing if written by a *pro se* plaintiff, but it is particularly galling given that Plaintiff's Counsel is a licensed attorney. The Court has also read the Motion, and finds that many, if not all, of the arguments raised therein are meritorious. Moreover, they raise such fundamental issues with this case that they call into question why any competent attorney would sign his name to such a pleading.

       Because the Court has grave concerns that this action is being presented for an improper purpose and the factual and legal contentions raised in the FAC are frivolous, the Court **ORDERS** Plaintiff to show cause why sanctions should not be imposed on Plaintiff's Counsel. See Fed. R. Civ. P. 11(b), (c). Plaintiff's Counsel shall file a response, accompanied by a declaration signed under penalty of perjury, indicating why there is a nonfrivolous basis for each of the causes of action raised in the FAC. In doing so, Plaintiff's Counsel shall respond to each of the arguments raised by the Motion, specifically explaining why, at the time of the filing of this

action and the FAC, he believed that the issues raised in the Motion were not fatal to the claims raised in this case. In addition, Plaintiff's Counsel shall address the following issues:

- Why, at the time of the filing of this action and the FAC, did Plaintiff's Counsel believe there was a nonfrivolous basis for bringing claims against individuals employed by the Los Angeles District Attorney's Office despite the doctrine of absolute prosecutorial immunity?
- Why, at the time of the filing of this action and the FAC, did Plaintiff's Counsel believe there was a nonfrivolous basis for bringing a negligence action against the United States of America for a purported failure to investigate the allegations raised in the FAC? What legal authority, if any, supports such a cause of action?

Because a response to this OSC would overlap with the issues raised by the Motion, the Court **ORDERS** Plaintiff to file a response to the OSC by three days after the deadline for filing an opposition to the Motion, or **Thursday, May 18, 2023.**

      Plaintiff is forewarned that the Court is considering *sua sponte* dismissing the entire action with prejudice even against the Defendants who have not yet been properly served in this action, for many of the grounds for dismissal raised by the Motion would equally apply to them. The Court will not impose any sanctions upon Plaintiff's Counsel until at least 21 days from the issuance of the instant Order. Plaintiff's Counsel may take advantage of the "safe harbor rule" by dismissing this entire action with prejudice against all named Defendants before those 21 days have passed. See Fed. R. Civ. P. 11(c)(2). If Plaintiff fails to file a notice of dismissal *with prejudice* against all Defendants within that timeframe, the Court may impose sanctions on Plaintiff's Counsel without further notice. Potential sanctions would include, but are not limited to, monetary penalties and referral to the Central District of California's Standing Committee on Discipline. See L.R. 83-3.

**IT IS SO ORDERED.**